11/22/2020

To Whom It May Concern:

This is a request for a court date to schedule a meeting or a hearing in front of the pertinent honorable judge to the following cases that correlate and should be combined:

~~6:20-cv-01230-PGB-LRH~~   ~~6:20-cv-01232-RBD-LRH~~   6:20-cv-1232-
~~6:20-cv-1230-ORL-40LRH~~   ~~6:20-cv-01259-RBD-ESK~~   ORL-37LRH

I have not been able to get assistance with legal representation to better manage these cases, or the State Attorney's Office response for the several complaints, IC3, and other government agencies, etc... Had to file for bankruptcy as a result of the continuing violation of federal privacy laws and identity theft as a victim of domestic abuse that has been verified by the government... Have filed several reports of domestic abuse and identity theft also as a result of a business operating out of the privacy of my place of residence and working with law enforcement in order to press charges after concluding their investigation.

As a result of all, have underwent continuous employment wrongful termination, defamation of character and credibility, aggravated cyberstalking with bodily harm following threats of violence, sexual harassment, slander, and liable, etc... these actions may be as a result of incurring debt due to consistent unemployment and debt creditors, corporate office staff, military networks, etc... Are too currently working with the military to determine my veteran eligibility as a result of a post service-connected injury that has caused partial disability on my left hand. And, have filed several cases with the EEOC to report discrimination in the work place creating a hostile work environment seeking protection under the whistleblower act, etc...

There are a lot of elements involved in this matter that are defined as continuously being made victims of economic crimes and identity theft following several police reports filed with OCSO, OPD, and other law enforcement agencies nationwide, etc... All of which have asked for an investigation from various law enforcement agencies including sending documentation to various FBI agencies, etc... But nothing has been investigated or followed up on due to hacked and redirected communication and defamation of character on mental illnesses wrongfully diagnosed as well.

I am kindly asking for a meeting with the pertinent court staff – since have not been able to get any of the defendants to respond via mail, email, or other methods of communication. I am also asking for these cases to be kept confidential due to the cyberstalking even at an international network. And as a victim of domestic abuse, that the court intervenes if able to help me with getting the assistance necessary.

Sincerely,

Karina Franco-Rey

IT'S NOT JUSTIFIABLE WHY ANY
THAT I HAVE SUBMITTED
HAS BEEN DENIED W/OUT
ANY HELP OR EVEN A
HEARING.

FILED

2020 DEC 11 PM 2:27

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# VICTIMS' RIGHTS



6:20-CV-1232
ORL-37LRH

## ORLANDO POLICE DEPARTMENT
### ORLANDO ROLÓN
### CHIEF OF POLICE

407.246.2470
MONDAY-FRIDAY 8 a.m.-5 p.m.

| OPD Case # | 2020-00355447 |
|---|---|
| Officer's Name | J. Guevara |
| Officer's ID # | 35205 |
| Date of Report | 11-10-20 |

400 W. WASHINGTON ST
SUITE 8100

www.cityoforlando.net/police

ORLANDO, FL 32801

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARINA FRANCO-REY,

Plaintiff,

v.                                                                    Case No:   6:20-cv-1232-Orl-37LRH

ORANGE COUNTY SHERIFF'S
OFFICE, ORLANDO POLICE
DEPARTMENT, ASHLEY MOODY,
LINDA STEWART, RANDOLPH
BRACY, NETFLIX HEADQUARTERS,
TELEMUNDO, LEXIS NEXIS, NIKKI
SAM, J. ALVAREZ, DADDY YANKEE,
PINA RECORDS, BAD BUNNY,
ANNUEL, DARELL, EMINEM, PANDA,
UNIVERSAL MUSIC GROUP,
SUDDENLINK, RALLY POINT,
USAJOBS.GOV, GESTURES SERVICE,
FACEBOOK, SYSCO
COMMUNICATIONS, MICROSOFT,
GOOGLE, R/C WORLD COMMUNITY
ASSOCIATION, VERIZON, YAHOO,
NBC, BELL MEDIA STUDIOS, APPLE,
BELLSOUTH, NOTICIAS YA PUERTO
RICO, MAUI NEWS, PRIMER
IMPACTO and MILITARY VA AFFAIRS
COMMUNICATION,

Defendants.

---

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion filed

herein:

MOTION:   APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYING FEES OR COSTS (Doc. No. 6)

FILED:      **July 21, 2020**

THEREON it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE.**

## I.   BACKGROUND.

On July 10, 2020, Plaintiff Karina Franco-Rey, appearing *pro se*, filed a "Complaint for Violation of Civil Rights" against the above thirty-seven (37) named Defendants.  Doc. No. 1.[1] Plaintiff purports to bring her claims both against federal officials (a *Bivens* claim) and state or local officials (a § 1983 claim).  *Id.* at 3.   She asserts claims of "discrimination, workplace harassment, violation of property (privacy), violation of HIPPA rights, . . . white collar crime, and wrongful termination."  *Id.*   As it relates to the "facts" underlying her claims, Plaintiff states only:

Unemployment – income instability

Harassed, stalked, cyberstalked, discriminated

Slander/liable, defamed, isolated, targeted, etc. . . .

Media.    Wassap Social Networks, identity theft.    Burglary of personal documentation sold for business profit.

*Id.* at 4.   The complaint is otherwise devoid of any factual allegations pertaining to the alleged misconduct by Defendants.  *See id.* at 4–5.[2]   As to damages, Plaintiff alleges that she sustained left

---

[1] I note that in July 2020, Plaintiff filed at least six cases in this Court.  *See Franco-Rey v. City of Orlando, et al.*, No. 6:20-cv-1230-Orl-40LRH, *Franco-Rey v. Orange Cty. Sheriff's Office, et al.*, No. 6:20-cv-1232-Orl-37LRH, *Franco-Rey v. City of Orlando, et al.*, No. 6:20-cv-1233-Orl-40LRH; *Franco-Rey v. Werner Enters., et al.*, No. 6:20-cv-1259-Orl-37EJK, *Franco-Rey v. Polynesian Adventure Tours, et al.*, No. 6:20-cv-1292-Orl-40LRH, *Franco-Rey v. Werner Enters., et al.*, No. 20-cv-1303-Orl-40LRH.

[2] Plaintiff attaches several documents to her complaint, none of which resolve the pleading deficiencies as it relates to the factual basis for Plaintiff's complaint.   First, she includes eight (8) pages of handwritten notes.   Doc. No. 1, at 7–14.   Then she includes what appears to be her resume, a Notice of Ineligibility for domestic violence relocation benefits, and a copy of a request for a hearing with Florida's Bureau of Victim Compensation.   Doc. No. 1-1

hand middle finger amputation and several other undisclosed injuries "as a result of hate and white collar crime associate with veteran affairs in Orlando, FL (domestic case)." *Id.* at 5.

With the complaint, Plaintiff has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which has been construed as a motion to proceed *in forma pauperis.* Doc. No. 6. The motion to proceed *in forma pauperis* has been referred to the undersigned, and the matter is ripe for review.

## II.   STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis.* First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis.* 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii).[3] A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,*

---

[3] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis. Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.   ANALYSIS.

The Federal Rules of Civil Procedure mandate that a pleading contain the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).   The allegations must be simple, concise, and direct.   Fed. R. Civ. P. 8(d)(1).

In this case, upon review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 6), it appears that Plaintiff may qualify as a pauper pursuant to § 1915(a)(1).   However, Plaintiff's complaint does not state a claim upon which relief may be granted.   Her complaint wholly fails to comply with the procedural rules and states no basis in fact that would give rise to a substantive claim.   Accordingly, I recommend that Plaintiff's complaint be dismissed pursuant to § 1915(e)(2)(B).

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction on which relief could be granted. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). Because it is at least possible that Plaintiff may file an amended complaint correcting the pleading deficiencies identified herein, I recommend that the Court permit Plaintiff to file an amended complaint, within a time established by the Court.

Should Plaintiff refile a complaint in this Court, Plaintiff is cautioned that she must include factual allegations in the complaint stating a plausible claim for relief, which requires her to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Therefore, in an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law. Plaintiff must name as Defendants only those persons who are responsible for the alleged violations. She must allege in the body of the complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated her rights. Plaintiff must allege some causal connection between each Defendant named and the injury she allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs her attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer

in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## IV.  RECOMMENDATION.

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that the Court:

1.  **DENY without prejudice** the motion to proceed *in forma pauperis* (Doc. No. 6);

2.  **DISMISS** the complaint without prejudice (Doc. No. 1);

.3.  **PERMIT** Plaintiff to file an amended complaint, within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 6, 2020.

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

- 6 -